IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

WILLIE FRANK BURKE,  )
                     )
    Petitioner,      )
                     )
v.                   )   CV 106-171
                     )   (Formerly CR 105-120)
UNITED STATES OF AMERICA,  )
                     )
    Respondent.      )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Willie Frank Burke, an inmate formerly confined at the low security satellite of the Federal Correctional Institute in Jesup, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

Petitioner was stopped by Department of the Army police on August 2, 2005, after attempting to enter Fort Gordon military reservation in Augusta, Georgia, with an expired Department of the Army decal. United States v. Burks, CR 105-120, doc. no. 44, pp. 6-8 (S.D. Ga. Oct. 15, 2005) (hereinafter "CR 105-120"). A subsequent investigation revealed that, in fact, Petitioner's vehicle registration and insurance were not current and that his

driver's license had been suspended. Id. at 8-9. On February 7, 2006, Petitioner pled guilty to three misdemeanor offenses - driving while driver's license suspended or revoked, driving without insurance, and driving with expired license plate - pursuant to 18 U.S.C. §§ 7 & 13. CR 105-120, doc. nos. 23, 24.[1] On April 12, 2006, this Court sentenced Petitioner to twelve (12) months of imprisonment, three (3) years of supervised release, $1,300 in fines, and $55 in special assessments. Id. at doc. no. 28. The judgment was entered on April 13, 2006. Id. at doc. no. 30.

Petitioner appealed his sentence to the Honorable Dudley H. Bowen, Jr., United States District Judge. Id. at doc. no. 32. Judge Bowen affirmed Petitioner's sentence on October 18, 2006. Id. at doc. no. 50. Petitioner did not file a direct appeal to the Eleventh Circuit Court of Appeals, but he did timely-file the instant § 2255 motion.

Petitioner contends in his § 2255 motion that: (1) his conviction was obtained by the use of false evidence; (2) the evidence used to obtain his conviction was procured through an illegal arrest; (3) his conviction violates the Double Jeopardy Clause of the Constitution because his driving privileges at Fort Gordon had previously been suspended; (4) his guilty plea was given without fully understanding the consequences of the plea; (5) his sentence was excessive; (6) he was denied the opportunity to speak before his sentence was imposed; (7) his First Amendment rights were violated because he was not allowed to speak during "closing arguments"; (8) the government was allowed to present incorrect information because the Court was "prejudice[d]" against Petitioner; (9) his sentence was unreasonable because his offenses did not involve drugs, alcohol, or speeding, and did not result in injury

---

[1] Petitioner is also known as Willie Bernard Burks and Willie Frank Burks. See CR 105-120.

2

to any person; (10) the prosecution failed to disclose evidence in a timely manner; and (11) the 12-month sentence imposed was not "a short term jail sentence" which is required for the offenses to which he pled guilty. (Doc. no. 1, pp. 4-5, 16-17). Although not included as a specific ground for relief, Petitioner also claims that his counsel was ineffective for failing to present grounds (2), (3), and (4), set forth *supra*, on appeal to Judge Bowen. (Id. at 5).

## II. DISCUSSION

### A. Procedural Bar

As an initial matter, nearly all of Petitioner's claims are barred from review in this post-conviction proceeding. "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge."[2] United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (*per curiam*) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055.

In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted). A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280.

---

[2]As discussed *infra*, ineffective assistance of counsel claims are excepted from the procedural default rule. See Massaro v. United States, 538 U.S. 500, 509 (2003).

3

> In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."

Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

As noted above, although Petitioner appealed his sentence to Judge Bowen, he did not file an appeal with the Eleventh Circuit Court of Appeals. A defendant challenging a conviction or sentence imposed by a United States Magistrate Judge must first appeal that court's decision to the district court pursuant to 18 U.S.C. § 3402 and, thereafter, may appeal the ruling to the court of appeals. See, e.g., United States v. Jones, 117 F.3d 644 (2d Cir. 1997). As Petitioner failed to raise claims (1) through (11) on direct appeal to the Eleventh Circuit Court of Appeals, these claim are procedurally barred from consideration in this collateral proceeding, and Petitioner has not shown cause to excuse the default.

B.    **Ineffective Assistance of Counsel Claims**

Ineffective assistance of counsel claims are excepted from the general procedural default rules explained above. Lynn, 365 F.3d at 1234 n.17 (citing Massaro v. United States, 530 U.S. 500 (2003)). However, ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1994), which is not a favorable standard.[3] Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001) ("Given the strong presumption in favor of competence, the petitioner's burden of persuasion - though

---

[3]The Strickland test applies to claims of ineffective assistance of both trial and appellate counsel. See Clark v. Crosby, 335 F.3d 1303, 1310 (11th Cir. 2003)

4

... not insurmountable - is a heavy one."). First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Id. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

As to appellate counsel, the Court's analysis under Strickland is further guided by the principle that appellate counsel is not ineffective when he fails to raise a frivolous argument on appeal. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). Stated another way, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984). Neither does the Sixth Amendment require appellate advocates to raise every non-frivolous issue. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome...." Id. at 616 (citing Strickland, 466 U.S. at 694-95). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

In addition, the Court is guided by the principle that "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Indeed, strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted...." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

1. **Failure to Object to Evidence**

Petitioner first claims that his counsel was ineffective for failing to argue on appeal that the evidence presented by the government was obtained pursuant to an allegedly illegal arrest. However, Petitioner admitted his guilt to the charges against him at the Rule 11

6

colloquy. Accordingly, Petitioner waived the right to challenge his guilt, United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986), and counsel's arguments about the manner in which evidence was obtained by the government would have been immaterial in light of Petitioner's guilty plea. Thus, Petitioner cannot show prejudice and is not entitled to relief on this claim.

### 2. Double Jeopardy

Petitioner also contends that his appellate counsel was ineffective for failing to argue that his conviction violated the Double Jeopardy Clause of the Constitution. In support of this contention, Petitioner claims that he received a letter from Fort Gordon on the date of the incident, August 2, 2005, which prohibited him from driving on the base for a two-year period. (Doc. no. 1, p. 4).

Fundamental to the Double Jeopardy Clause is the notion that "an accused must suffer jeopardy before he can suffer double jeopardy." Serfass v. United States, 420 U.S. 377, 392 (1975). In this regard, the Supreme Court has held that "jeopardy does not attach until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'" Id. at 394 (quoting United States v. Jorn, 400 U.S. 470, 479 (1971)). Thus, in the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn; in a nonjury trial, jeopardy attaches when the court begins to hear evidence. Id. at 391.

The Double Jeopardy Clause does not apply to the criminal charges to which Petitioner pled guilty. Petitioner never suffered a former jeopardy because he was never previously before a trier of fact for the underlying offenses. A letter from Fort Gordon stating that his driving privileges on the base were suspended does not constitute either a

criminal prosecution or an adjudication of guilt in the criminal sense for the underlying charges. Petitioner's appellate counsel cannot be considered ineffective for failing to present this erroneous argument.

### 3. Voluntariness of Guilty Plea

Lastly, Petitioner argues that his counsel was ineffective for failing to argue on appeal that his guilty plea was entered without a full understanding of the term of imprisonment he could receive as a result of the plea. (Doc. no. 1, p. 5). Specifically, Petitioner contends that, based upon comments by the Court, he thought he would only get probation and a fine. (Id.). Petitioner also claims that, based upon statements by his attorney, he pled guilty with the understanding that he would get, at the most, a four (4) month sentence. (Id.).

However, Petitioner's instant allegations are belied by his sworn statements at the Rule 11 colloquy. After explaining to Petitioner that the maximum term of imprisonment for the driving while driver's license suspended or revoked charge was not less than ten (10) days or more than twelve (12) months imprisonment, and that the maximum term of imprisonment for the driving without insurance charge was 12 months, the following exchange occurred:

| | |
|---|---|
| The Court: | Do you understand these maximum penalties Mr. Burks? |
| Petitioner: | Yes, sir. . . . |
| The Court: | Has anybody forced you or threatened you or coerced you in any way shape or form to cause you to enter these pleas of guilty? |
| Petitioner: | No, sir. |
| The Court: | Has anybody made any prediction or prophecy to you concerning the sentence I am going to give you in this case? |
| Petitioner: | No, sir. |

8

(Audio recording time marker: Feb. 7, 2006, at 10:48 a.m. to 10:49 a.m.).[4]

"Solemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Although Petitioner now argues that his plea was not entered with a full understanding of the term of imprisonment which could have been imposed against him, at the Rule 11 proceeding Petitioner stated that he understood the maximum terms of incarceration attendant to the charges, that he had not been forced, threatened, or pressured into pleading guilty, and that no one had given him any predictions as to the sentence which the Court may impose attendant the charges. As Petitioner's sworn statements contradict his instant allegations, Petitioner's appellate attorney cannot be considered ineffective for failing to raise a claim regarding the voluntariness of the plea.

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Respondent.

SO REPORTED and RECOMMENDED this 1st day of August, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Although a transcript of the Rule 11 colloquy has not been prepared, the Court has utilized the courthouse audio recording system to review the proceeding.